# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLYNN CRITTENDEN, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| | ) | **DEFENDANT'S NOTICE OF REMOVAL** |
| | ) | **OF CIVIL ACTION FROM STATE COURT** |
| vs. | ) | **TO FEDERAL COURT** |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

PLEASE TAKE NOTICE that Defendant FedEx Ground Package System, Inc. ("Defendant"), by and through its undersigned counsel, hereby removes this entire action from the Summit County Court of Common Pleas, Case No. CV2021072211, to the United States District Court for Northern District of Ohio, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

In further support of this Notice of Removal, Defendant states:

(1) On July 15, 2021, Plaintiff Shirlynn Crittenden ("Plaintiff") filed this employment-related action in the Summit County Court of Common Pleas captioned *Shirlynn Crittenden v. FedEx Ground Package System, Inc.*, Case No. CV2021072211.  Plaintiff's Complaint contains only one cause of action titled as Count I, which asserts a tort claim under Ohio common law for wrongful termination in violation of public policy.  *See,* Plaintiff's Complaint ¶¶ 79 – 102; *see also, Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St. 3d 228, *syllabus* ¶ 3 (1990) ("In Ohio, a cause of action for wrongful discharge in violation of public policy may be brought in tort.").

(2) A copy of the Summons and Complaint was served upon Defendant on July 22, 2021 via certified mail. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

(3) This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within thirty (30) days of receipt of the Summons and Complaint by Defendant.

(4) As alleged in the Complaint, Plaintiff is a citizen of the State of Ohio. *Id.* at ¶ 1.

(5) As also alleged in the Complaint, Defendant is a "foreign corporation that operated a business located at 2050 East Aurora Road, Twinsburg, Ohio, 44087." *Id.* at ¶ 2. Defendant FedEx Ground Package System, Inc. is incorporated in the State of Delaware and its principal place of business is Moon Township, in the State of Pennsylvania (*See*, Declaration of Eugene Banks, ¶¶ 6-7, attached as Exhibit B).

(6) For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1)). Accordingly, Defendant FedEx Ground Package System, Inc. is deemed to be a citizen of Delaware and Pennsylvania because it is a Delaware corporation with its principal place of business and corporate headquarters located in Pennsylvania.

(7) Complete diversity, therefore, exists, as required by 28 U.S.C. § 1332(a) because Plaintiff is a citizen of the State of Ohio and Defendant is a citizen of the States of Delaware and Pennsylvania.

(8) In the Demand for Relief of the Complaint, Plaintiff seeks "[a]n award against Defendant of compensatory and monetary damages to compensate [Plaintiff] Crittenden for lost

wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial." *See*, Complaint, Demand for Relief, ¶ (b).

(9) Plaintiff also seeks "[a]n award of punitive damages against Defendant in an amount in excess of $25,000." *Id.* at ¶ (c). In addition, Plaintiff seeks "[a]n award of reasonable attorneys' fees" in connection with her demand for punitive damages. *Id.* at ¶ (d).

(10) Under Ohio common law, a successful plaintiff alleging a wrongful discharge in violation of public policy tort claim may recover the full panoply of tort damages, including economic damages, non-economic compensatory damages, punitive damages, and, if punitive damages are awarded, attorneys' fees. *See*, *Pryor v. Webber*, 23 Ohio St. 2d 104, 107 (1970) (citations omitted) (noting that it is an axiomatic rule of tort law that "the measure of damages is that which will compensate and make the plaintiff whole"); *Digital and Analog Design Corp. v. North Supply Co.,* 63 Ohio St. 3d 657, 662 (1992), overruled on other grounds by *Zoppo v. Homestead Ins. Co.,* 71 Ohio St. 3d 552 (1994) ("Compensatory damages . . . are awarded to make the tort victim whole . . ."); *Smith v. Pittsburgh, Ft. W.* & *C. Railway. Co.*, 23 Ohio St. 10 syllabus ¶ 4 (1872) ("In an action for a personal tort, an injury to the feelings, naturally and necessarily resulting from the wrongful act, may be considered by the jury in their estimate of compensation."); *Zappitelli v. Miller*, 114 Ohio St. 3d 102, 103 (2007) ("when punitive damages are awarded, the award for compensatory damages may include attorney fees").

(11) Under Ohio's Tort Reform Act, a "'[t]ort action' means a civil action for damages for injury or loss to person or property." R.C. §2315.18(A)(7). There is no damages cap under Ohio's Tort Reform Act for economic damages such as lost wages. *See*, R.C. §2315.18(A)(7). Thus,

Plaintiff's claim for "lost wages" in the form of back pay and/or front pay is not capped. *See*, Complaint, Demand for Relief, ¶ (b)

(12)     Generally, non-economic damages recoverable by a plaintiff in a "tort action" are capped at the greater of $250,000 or an amount that is equal to three times the plaintiff's economic loss to a maximum of $350,000. *See*, R.C. §2315.18(B)(2).

(13)     Punitive damages recoverable in a "tort action" are statutorily limited to two times the amount of the compensatory damages awarded to the plaintiff in cases where the defendant is not an individual or small employer. *See*, R.C. §2315.21(D)(2).

(14)     Rule 8(A) of the Ohio Rules of Civil Procedures provides that "[i]f the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought . . . ." Plaintiff Crittenden, therefore, was prohibited under the Ohio Rules of Civil Procedure from specifying in her Complaint the specific amount of money she is seeking in excess of $25,000 for her alleged "compensatory and monetary damages . . . for lost wages, emotional distress, and other consequential damages" and the specific amount of money she is seeking in excess of $25,000 for alleged "punitive damages." *See*, Complaint, Demand for Relief, ¶¶ (b) and (c).

(15)     Under Rule 54(C) of the Ohio Rules of Civil Procedure, a plaintiff is not limited by the amount of relief sought in the complaint, but rather "final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings." Therefore, if successful in the State court action, Plaintiff would have been entitled to recover any amounts exceeding $25,000 for economic damages, non-economic

damages, and punitive damages *each* that she could have proven at trial subject to the foregoing damages caps applicable to non-economic damages and punitive damages.

(16)   A punitive damages claim must be included in determining whether the jurisdictional amount is satisfied unless such damages are barred by the applicable state law. *Woods v. Stark Tri-County Building Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973); *see also*, *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining [the] jurisdictional amount"). In this case, punitive damages are an available remedy under the tort claim alleged by Plaintiff.  *See*, R.C. §2315.21(D)(2) (authorizing the recovery of punitive damages in a "tort action" subject to the requirements and limitations under the statute).

(17)   Plaintiff alleges in the Complaint that she was employed with Defendant since September of 2019, and her last position was as a "Manager". *See*, Complaint, ¶¶ 9 and 10. Despite this reference, FedEx Ground data reveals that Plaintiff started with FedEx Ground on or about July 16, 2018 and that the first position she held was that of a package handler and the last position she held was as an Operations Manager. *See*, Declaration of Eugene Banks, ¶ 4, attached as Exhibit B.  As an Operations Manager, Plaintiff's last hourly rate of pay was $21.85. *Id.* at ¶ 5.

(18)    As such, an estimated earnings calculation for Plaintiff in the Operations Manager position is $45,448 ($21.85 per hour x 40 hours per week x 52 weeks per year). *Id.* at ¶¶ 5.

(19)   Plaintiff alleges in her Complaint that she was terminated in late January of 2021. *See*, Complaint, ¶ 67.  FedEx Ground documentation reveals that Plaintiff separated from the company on or about January 29, 2021. *See*, Declaration of Eugene Banks, ¶ 4.  Accordingly,

5

Plaintiff could potentially claim an alleged approximately 7 months of back pay at the time she filed the Complaint on July 15, 2021, which would be approximately $24,472 based upon the estimated earnings calculation.

(20) As set forth in the Demand for Relief, Plaintiff ostensibly seeks an amount exceeding $25,000 for *each* type of claimed damages – economic damages, non-economic damages, and punitive damages – which demand collectively exceeds the $75,000 jurisdictional requirement of 28 U.S.C. § 1332(a), exclusive of interest and costs. Thus, on the face of the Complaint, Plaintiff is seeking total damages in excess of $75,000.

(21) In addition to Plaintiff's Complaint seeking damages in excess of $75,000 on its face, the unspecified amounts of economic, non-economic, and punitive damages sought by Plaintiff more likely than not also total more than $75,000. "[W]here plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy,' the defendant satisfies its burden when it proves the amount in controversy 'more likely than not' exceeds $75,000." *Everett v. Verizon Wireless*, 460 F.3d 818, 822 (6th Cir. 2006) (citations omitted).

(22) An award of just one year of backpay in the amount of $45,448 based upon the estimated earnings calculation, above, plus an award of non-economic damages for emotional distress in the amount of just $25,001 (Plaintiff is seeking an amount "in excess of $25,000" for her non-economic damages consisting of "emotional distress") would equal $70,449 in compensatory damages.

(23) In addition to the foregoing types of economic and non-economic compensatory damages, Plaintiff's Complaint seeks a separate award "in excess of $25,000" just for punitive

6

damages, which, when added to the foregoing amount of $70,449 of potential alleged compensatory damages in controversy, would easily exceed the $75,000 jurisdictional threshold. Indeed, an amount of alleged punitive damages in a 2:1 ratio to alleged compensatory damages (*i.e.*, alleged punitive damages in the amount of $140,898 – two times potential alleged economic and non-economic compensatory damages of $70,449 per the calculation, above – for a total amount in controversy of $165,899) would be a reasonable reading of Plaintiff's Complaint as federal courts in Ohio have noted. *See*, *e.g.*, *Moses v. Extendicare Health Services, Inc*., No. 2:15-cv-2853, 2015 WL 9301375, at *2 (S.D. Ohio December 22, 2015) ("In his state court Complaint, Plaintiff 'seeks backpay and benefits, front pay and benefits, in an amount to be determined at trial, compensatory damages, liquidated damages, punitive damages . . . , [and] attorneys' fees.' . . . Under Ohio law, Plaintiff may be entitled to punitive damages of up to 'two times the amount of compensatory damages awarded to the plaintiff from that defendant. Ohio Rev. Code Ann. §2315.21(D)(2)(a). . . . A compensatory award of less than $25,000, when coupled with full punitive damages [of $50,000] and attorney's fees, therefore, could exceed the jurisdictional amount. Accordingly, the Court finds that the amount in controversy requirement is satisfied . . . .")(citations omitted).

(24) Federal courts in Ohio and in the Sixth Circuit have held in starkly similar factual situations that a defendant had satisfied its burden of proving that the amount in controversy "more likely than not" exceeds the $75,000 jurisdictional threshold. *See*, *e.g.*, *Sunkin v. Hunter Engineering Co*., No. 5:15-cv-892, 2015 WL 4406101, at*4 (N.D. Ohio July 20, 2015) ("Because Sunkin alleges compensatory damages in excess of $25,000, he may potentially recover at least twice that amount, $50,000, in punitive damages for a total recovery of more than $75,000.

7

Therefore, a fair reading of the unspecified damages sought by Sunkin establishes that more than $75,000 is in controversy in this case."); *Lebo v. Impac Funding Corp.*, No. 5:11-cv-1857, 2011 WL 6750057, at *2 (N.D. Ohio Dec. 23, 2011)("on the fraud claim alone, if Plaintiff were awarded $25,000 as compensatory damages and twice that amount, or $50,000, as punitive damages, the total damages would be $75,000"); *Pollock v. State Farm Mut. Auto. Ins. Co.*, No. 2:11–CV–0581, 2011 WL 5075815, at *3 (N.D. Ohio Oct. 26, 2011) ("Pollock asks this Court for 'compensatory damages in an amount in excess of $25,000 as well as punitive damages in a sum in excess of $25,000, for costs incurred in pursuit of this action, for pre- and post-judgment interest, for reasonable attorney fees, and such other relief as this court deems proper.' Pollock is not only seeking $33,000 in medical payment benefits owed, but also compensatory and/or punitive damages in connection with her bad faith claim. And under Ohio law, a court can award punitive damages in an amount up to two times the amount of compensatory damages awarded. If Pollock is successful, she could receive the full amount she alleges is due to her under the insurance policy, $33,000, plus compensatory and/or punitive damages in connection with her bad faith claim—an amount which could easily exceed this Court's jurisdictional threshold. . . . Thus, State Farm has demonstrated that it is 'more likely than not' that the amount in controversy exceeds $75,000."); *Johnson v. Con-Way Freight, Inc*., No. 4:10-cv-2167, 2010 WL 4735754 (N.D. Ohio Nov. 15, 2010) ("Plaintiff's complaint alleges that he was earning approximately $22.95 per hour as a Con-Way employee and that he is 62 years old. Assuming that his pay rate would have remained constant through the age of 65, his back pay and front pay alone would exceed the jurisdictional amount. Plaintiff's own damages calculation set forth in his initial disclosures support the conclusion that the amount in controversy is satisfied. There, plaintiff calculates his

8

back and front pay damages at $56,673.64. That amount, coupled with recovery of any other forms of damages, including attorneys' fees, would easily satisfy the jurisdictional amount required."); *Turchan v. Equity for Life, LLC,* No. 2:07–CV–0435, 2009 WL 4547670, at *3 (S.D. Ohio Dec. 1, 2009) (finding that the amount of controversy was met where the plaintiff alleged his damages were $24,068.16, but also brought a breach of fiduciary duty claim against an insurer, making punitive damages available); *Millhon v. Unum Life Ins. Co. of Am.,* No. 20:08–cv–652, 2009 WL 2431252, at *3 (S.D.Ohio Aug.5, 2009) ("While the $52,800 principal from the insurance policies falls short of the amount required for diversity jurisdiction, Ms. Millhon's complaint also prayed for punitive damages, attorneys' fees, court costs and other relief as determined by the Court," therefore exceeding the amount in controversy requirement of $75,000); *Pendergrass v. Time Ins. Co.,* No: 5:09–CV–00215–R, 2010 WL 989154, at *2 (W.D. Ky. Mar.12, 2010) (holding that where a plaintiff had alleged $35,000 in unpaid medical expenses, the amount in controversy was nevertheless above the jurisdictional threshold because "punitive damages may be available where an insurer had acted in bad faith" under Kentucky law).

(25)    Thus, Plaintiff's Complaint on its face demonstrates that Plaintiff is seeking damages in excess of $75,000 and Defendant also reasonably and in good faith believes that it is more likely than not the unspecified amounts of damages sought by Plaintiff "in excess of $25,000" exceed the $75,000 jurisdictional requirement of 28 U.S.C. § 1332(a), exclusive of interest and costs.  Accordingly, the United States District Court for the Northern District of Ohio has original jurisdiction over this matter because the requirements of 28 U.S.C. § 1332(a) have been met inasmuch as this is a civil action between citizens of different states and the amount in

9

controversy more likely than not exceeds $75,000, exclusive of interest and costs. Accordingly, removal of this action is permissible pursuant to 28 U.S.C. § 1441(a).

(26) Finally, in addition to other unspecified damages, Plaintiff requests attorneys' fees and costs. (Complaint, Demand for Relief, (c)). Although Defendants deny that Plaintiff is entitled to attorneys' fees (or any other damages or relief), if successful, Plaintiff's request for attorneys' fees could push the amount in controversy even further over the jurisdictional minimum. To illustrate, in *Davis v. Kindred Nursing Ctrs. E., L.L.C.*, Case No. 2:05-CV-1128, 2006 U.S. Dist. LEXIS 11425 (S.D. Ohio 2006), a single plaintiff discrimination case, the court found that the inclusion of potential attorneys' fees (along with potential punitive damages) established that the amount in controversy exceeded $75,000 where the plaintiff's annual compensation was between $10,000 and $15,000. *See also Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (holding that "the request for attorneys' fees properly placed this case within the purview of federal jurisdiction"). Moreover, as with punitive damages, attorneys' fees alone could meet the jurisdictional amount in controversy if this case proceeds through trial. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual plaintiff discrimination cases often exceed the award of damages).

(27) Venue is appropriate because the Northern District of Ohio encompasses Summit County, Ohio, the place where the state court action is pending.

(28) As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and her counsel of record, and is filing a copy with the Summit County Court of Common Pleas. *See*, Exhibit C, Notice to State Court and Plaintiff of Filing of Notice of Removal to Federal Court.

WHEREFORE, Defendant removes this case from the Summit County Court of Common Pleas to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

*/s/ Jazmyn J. Stover*
Jazmyn J. Stover (0085580)
Fisher & Phillips LLP
200 Public Square, Suite 4000
Cleveland, OH 44114
Telephone:  (440) 740-2148
Facsimile:  (440) 838-8805
jstover@fisherphillips.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

This is to certify that on August 20, 2021 a copy of the foregoing *Defendant's Notice of Removal of Civil Action from State Court to Federal Court* was filed electronically.  Notice of this filing will be sent to the parties by operation of the Court's CM/ECF system.  Parties may access this filing through the Court's system.  In addition, a courtesy copy of *Defendant's Notice of Removal* has been served via email upon the following:

Fred M. Bean, Esq.
The Spitz Law Firm, LLC
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Fred.bean@spitzlawfirm.com

*Counsel for Plaintiff*

/s/ *Jazmyn J. Stover*
Jazmyn J. Stover

FP 41245095.1